COMMONWEALTH vs. TAHIR S. WHITEHEAD. No. 99-P-558. May 22, 2000. *Constitutional Law,* Search and seizure. *Search and Seizure,* Automobile, Expectation of privacy.

On February 18, 1997, the defendant was indicted on charges of unlawful possession of a firearm or ammunition without an identification card in violation of G. L. c. 269, § 10(*h*), and unlawful possession of a firearm in a motor vehicle in violation of G. L. c. 269, § 10(*a*). The defendant's motion to suppress the firearm and the ammunition on the ground that they were discovered during an illegal search was denied after hearing. Following a bench trial, the defendant was found guilty on both indictments. He brings the present appeal, asserting that the motion judge erred in ruling that the police had sufficient reasonable suspicion to justify an investigative stop of the motor vehicle in which the defendant was a passenger.

The motion judge found the following facts. On January 21, 1997, at approximately 9:30 P.M., State police Officers Kerry Maroni and Matthew Murray were on patrol in a marked car as members of Springfield's "zero tolerance team." Their mission was to enforce motor vehicle laws rigorously in an effort to uncover and deter crime. While on patrol, the officers noticed a motor vehicle idling, with its lights off, in an unlit parking lot used by the Fish and Things Restaurant. The vehicle was occupied by four individuals who, unbeknownst to the officers, were employees of the restaurant which they had just closed for the evening. There were no other vehicles in this area. The lot is behind a pizza restaurant, which was open and had cars parked in its parking lot in front. The officers saw the vehicle, without its lights on, start to back out of its parking space, away from the restaurant which it faced, and heard a loud noise emanating from its exhaust system. They considered these circumstances suspicious, and believed that the driver was preparing to leave the lot and would be operating the vehicle on a public way without headlights on and with an unduly loud exhaust system. G. L. c. 90, §§ 1, 7, 16. The officers backed the cruiser up, toward the driveway of the parking lot, by which time the vehicle had returned to its original position. The officers pulled up behind the vehicle, effectively blocking it, and activated their lights. Both officers got out of the cruiser and approached the vehicle.

The motion judge made no finding with respect to the ensuing search and discovery of the gun and ammunition on the defendant's person, noting that the defendant has expressly conceded that, if the actions of the officers to this point were appropriate, then the subsequent pat frisk of the defendant was lawful. The testimony is to the effect that the defendant, a front seat passenger, was observed to be reaching under his buttocks; he also had a container of beer and was in appearance under the age of twenty-one.

The sole issue before us is whether the officers were justified in making an

investigatory stop in these circumstances. "We have determined that an 'investigatory check of a parked vehicle . . . regardless of its limited purpose and brevity, is an intrusion on privacy rights.' *Commonwealth* v. *King*, 389 Mass. 233, 241 (1983), citing *Terry* v. *Ohio*, [392 U.S. 1, 17 (1968)]." *Commonwealth* v. *Helme*, 399 Mass. 298, 300 (1987). We have, however, recognized that "[w]here the police have observed a traffic violation, they are warranted in stopping a vehicle." *Commonwealth* v. *Bacon*, 381 Mass. 642, 644 (1980). See *Commonwealth* v. *Lantigua*, 38 Mass. App. Ct. 526, 527-528 (1995); *Commonwealth* v. *Heughan*, 40 Mass. App. Ct. 102, 104-105 (1996). There are other intrusions justified in circumstances not present here. Compare *Commonwealth* v. *Leonard*, 422 Mass. 504, 508-509 (1996). See also *Commonwealth* v. *Almeida*, 373 Mass. 266, 271-272 (1977).

In the present case, none of the reasons articulated by the Commonwealth warranted a vehicle stop and inquiry. The defendant was a passenger in a vehicle idling in a parking lot located behind two restaurants, one that was observed to be still open for business. The fact of four people warming up a car in a parking lot at 9:30 P.M. on a January evening does not, in these circumstances, constitute suspicious behavior justifying an investigatory stop. Neither was the stop justified by the additional fact that while the vehicle was in the parking lot its headlights were off, and it had a loud exhaust system. Violations of G. L. c. 90, §§ 7, 16, which are punishable by fine only, are "civil motor vehicle infractions," not crimes. G. L. c. 90C, § 1. An investigatory stop is not warranted solely on the basis of the police officers' belief that the commission of civil motor vehicle infractions was imminent.

The order denying the motion to suppress is reversed. The judgments are reversed, the findings of guilty are set aside, and judgment is to enter for the defendant.

*So ordered.*

*Ronald H. Cody* for the defendant.

*Cynthia Cullen Payne*, Assistant District Attorney, for the Commonwealth.